UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 440**

| | | |
|---|---|---|
| SHAHRBANOO FADAVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. | |
| | ) | **JUDGE ST. EVE** |
| BOARD OF TRUSTEES FOR THE | ) | **MAGISTRATE JUDGE MASON** |
| UNIVERSITY OF ILLINOIS, INDRU | ) | |
| PUNWANI, BRUCE GRAHAM, | ) | **Jury Demanded** |
| R. MICHAEL TANNER, SYLVIA | ) | |
| MANNING, and ERIC GISLASON, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Dr. Shahrbanoo ("Shar") Fadavi, by and through her attorneys, for her complaint against the Board of Trustees of the University of Illinois (the "University"), Indru Punwani, Bruce Graham, R. Michael Tanner, Sylvia Manning and Eric Gislason states as follows:

### NATURE OF THIS ACTION

1. Dr. Shar Fadavi is a female tenured professor with the University of Illinois at Chicago, who has performed the tasks of a tenured professor in Pediatric Dentistry for more than two decades and has run many aspects of the University's Department of Pediatric Dentistry (the "Department") for approximately fourteen years. However, despite her status, activity and accomplishments, Dr. Fadavi has been and continues to be paid less than the University has paid and continues to pay males in similar, or even lower positions, performing similar (or even fewer) responsibilities. As such, this action is brought under the Equal Pay Act ("EPA"), 29 U.S.C. § 206, for violation of the EPA and for willful violation of the EPA.

## PARTIES AND JURISDICTION

2.  Plaintiff Shar Fadavi is a woman and a resident of Wilmette, Illinois.

3.  Defendant Bruce Graham is the Dean of the College of Dentistry at the University of Illinois at Chicago, in which the Department of Pediatric Dentistry sits. Graham is being sued in his official and personal capacities.

4.  Defendant Indru Punwani is the Department Head of the Department of Pediatric Dentistry at the University of Illinois at Chicago. Dr. Punwani is being sued in his official and personal capacities.

5.  The Board of Trustees for the University of Illinois is comprised of the following individuals who are sued in their official capacities:

    a.  Frances G. Carroll of Chicago;

    b.  Kenneth D. Schmidt of Riverwoods;

    c.  David V. Dorris of Leroy;

    d.  Devon C. Bruce of Chicago;

    e.  Niranjan S. Shah of Oak Brook;

    f.  Robert Y. Sperling of Glencoe;

    g.  Lawrence C. Eppley of Palatine;

    h.  Marjorie E. Sodemann of Champaign; and

    i.  Robert F. Vickrey of LaSalle/Peru.

6.  The Provost for the University of Illinois is R. Michael Tanner, who is sued in his official and personal capacities.

7. For much of the relevant time, the Chancellor of the University of Illinois at Chicago was Sylvia Manning. Currently, Eric A. Gislasan is the Interim Chancellor for the University of Illinois. The Chancellors are sued in their individual and personal capacities.

8. Jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1343 because this matter involves a federal question under the Equal Pay Act (29 U.S.C. § 206 *et seq.*) .

9. Venue is appropriate in the Northern District of Illinois because the incidents complained of herein occurred in this District, and because both Plaintiff and Defendants have their businesses in this District.

## BACKGROUND

10. Plaintiff Shar Fadavi has been affiliated with the University's Department of Pediatric Dentistry for the last twenty-six years. Dr. Fadavi has been tenured by the University since 1991 and has been a full professor of Pediatric Dentistry since 1998. For the last fourteen years, Dr. Fadavi has been responsible for much of the day-to-day operations of the University's Department of Pediatric Dentistry. She has served at various times as the Department's Clinic Chief, Associate Director, and Program Director for the Department's post-doctoral/residency Pediatric Dentistry program.

11. Plaintiff has satisfactorily performed her job at the University and she has been consistently recognized and commended for her work both within and outside the University. For example, plaintiff consistently received high marks for her teaching from residents and others. She received the College of Dentistry's 1997 excellence in teaching award and was recognized by the University for this award. Further, she has written and presented numerous scientific papers for the American Academy of Pediatric Dentistry, the American Association of Dental Research, and the International Association of Dental Research. She has been recognized

nationally and internationally for her contribution in research and clinical expertise in the field of Pediatric Dentistry. For much of the time since she became tenured, Dr. Fadavi was one of only two fully tenured female professors on the faculty in the Department and was among only a few female tenured faculty in the College of Dentistry as a whole.

12. Despite her expertise and strong performance, Dr. Fadavi has continually been paid less and treated less favorably than her male counterparts. For example, despite being a full professor of Pediatric Dentistry and performing many of the tasks of running the Department, for much of her tenure, Dr. Fadavi was paid less than male peers performing similar tasks. Indeed, for a large portion of the fourteen years in which Dr. Fadavi held the titled positions noted above, she received either no compensation or significantly less compensation than male peers. In addition, unlike her male counterparts, the University often failed to recognize Dr. Fadavi with a title that was commensurate with the duties and job responsibilities she was performing.

13. The compensation that Plaintiff has received is and has been less than that of her male peers. This disparity exists when compared to males within the Department of Pediatric Dentistry, or within the larger College of Dentistry, both considering her position as a fully tenured professor as well as her positions as Clinic Chief and Program Director for post graduate students and residents.

14. Plaintiff has repeatedly complained about the pay disparity, but the University has failed to rectify the situation. Dr. Fadavi's pay remained and remains lower than other males in similar ranks, even when compared to some males who hold even lower positions.

15. After complaining about the disparities and receiving no compensation for her work as Program Director and Clinic Chief, certain additional compensation was provided. However, even those amounts left Dr. Fadavi significantly behind her male peers.

16.  Dr. Fadavi continued to complain about the unequal pay and treatment orally and in writing to the Defendants. Those efforts were rebuffed or ignored by the Defendants. Instead, a host of subsequent actions culminated in a cut of Dr. Fadavi's already illegally low pay.

17.  For example, the additional compensation noted above (albeit minimal) that was provided pursuant to her prior complaints proved short-lived and was taken away as of August 2007. This illegal acts further exacerbated the disparity between Dr. Fadavi and her male peers. If that were not enough, Defendant Punwani (the Department Head) cut Dr. Fadavi's duties and responsibilities along with her pay. Punwani then redistributed those duties and responsibilities to a host of males, whose collective pay increased by approximately $70,000 -- well in excess of the $30,000 cut from Dr. Fadavi's already undercompensated salary.

18.  Dr. Fadavi's complaints to the Defendants about these actions fell on deaf ears. Instead, Defendants Graham and Tanner authorized and/or otherwise ratified the conduct, as did, on information and belief, Chancellors Manning and Gislason. The Board has ratified the actions taken by, *inter alia*, being deliberately indifferent to these illegal acts.

19.  Thereafter, the adverse actions and retaliatory conduct against Dr. Fadavi escalated. For instance, much of her teaching responsibilities with residents has been removed; she has been removed from an advisory committee; and she has been given lower performance ratings than warranted.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT

20.  Plaintiff repeats and realleges Paragraphs 1-19 for her paragraph 20 as if fully set forth herein.

21.  As alleged above, Defendants repeatedly paid Plaintiff less than the pay provided to male employees for equal or lesser work on jobs, the performance of which required equal (or

5

lesser) skill, effort, and responsibility, and which were performed under similar working conditions, in violation of the Equal Pay Act.

WHEREFORE, Plaintiff Dr. Shar Fadavi prays for judgment in her favor and against Defendants as follows:

    a.    a finding that Defendant intentionally violated the Equal Pay Act by paying Plaintiff less than male employees;

    b.    an award to Plaintiff in the amount of wages, benefits and other compensation owed to her as a result of Defendants' actions;

    c.    an award to Plaintiff of front pay;

    d.    an award to Plaintiff of prejudgment interest;

    e.    an award to Plaintiff of reasonable attorneys' fees and costs; and

    f.    an award to Plaintiff of such other relief as the Court deems just and appropriate.

## COUNT II
## WILFUL VIOLATION OF THE EQUAL PAY ACT

22.    Plaintiff repeats and realleges Paragraphs 1-21 for her paragraph 22 as if fully set forth herein.

23.    As alleged above, Defendants repeatedly paid Plaintiff less than they paid male employees for equal or lesser work on jobs, the performance of which required equal (or lesser) skill, effort, and responsibility, and which were performed under similar working conditions in violation of the Equal Pay Act.

24.    Defendants knew that their actions violated the Equal Pay Act and/or showed reckless disregard for whether their actions were prohibited under the Equal Pay Act.

WHEREFORE, Plaintiff Dr. Shar Fadavi prays for judgment in her favor and against Defendants as follows:

6

a. a finding that Defendant intentionally violated the Equal Pay Act by paying Plaintiff less than male employees;

b. an award to Plaintiff of the wages, benefits and other compensation owed to her as a result of Defendants' actions;

c. an award to Plaintiff of liquidated damages;

d. an award to Plaintiff of front pay;

e. an award to Plaintiff of prejudgment interest;

f. an award to Plaintiff of reasonable attorneys' fees and costs; and

g. an award to Plaintiff of such other relief as the Court deems just and appropriate.

## **DEMAND FOR TRIAL BY JURY**

The Plaintiff hereby demands a jury for all claims and issues properly tried before a jury.

Respectfully submitted,

SHAHRBANOO FADAVI

By:   /s/ Michael Rachlis
One of her attorneys

Michael Rachlis
Darnella J. Ward
Rachlis Durham Duff & Adler, LLC
542 South Dearborn, Suite 900
Chicago, Illinois 60605
(312) 733-3950
(312) 733-3952 (fax)
mrachlis@rddlaw.net
dward@rddlaw.net