**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAHRBANOO FADAVI**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| **BOARD OF TRUSTEES FOR THE** | ) | Magistrate Judge Mason |
| **UNIVERSITY OF ILLINOIS, INDRU** | ) | |
| **PUNWANI, BRUCE GRAHAM, R.** | ) | No. 08 C 440 |
| **MICHAEL TANNER, SYLVIA** | ) | |
| **MANNING, and ERIC GISLASON**, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants, Board of Trustees of the University of Illinois, Indru Punwani, Bruce

Graham, R. Michael Tanner, Sylvia Manning and Eric Gislason, through their attorneys,

Meckler, Bulger & Tilson, LLP, for their answer to Plaintiff's Complaint, state as follows:

## NATURE OF THIS ACTION

1.      Dr. Shar Fadavi is a female tenured professor with the University of Illinois at
Chicago, who has performed the tasks of a tenured professor in Pediatric Dentistry for more than
two decades and has run many aspects of the University's Department of Pediatric Dentistry (the
"Department") for approximately fourteen years. However, despite her status, activity and
accomplishments, Dr. Fadavi has been and continues to be paid less than the University has paid
and continues to pay males in similar, or even lower positions, performing similar (or even
fewer) responsibilities. As such, this action is brought under the Equal Pay Act ("EPA"),
29 U.S.C. § 206, for violation of the EPA and for willful violation of the EPA.

**ANSWER:**    Defendants admit that Plaintiff is a female tenured professor in the

Department of Pediatric Dentistry at the University of Illinois at Chicago.  Defendants admit that

Plaintiff has brought this claim under the Equal Pay Act, but deny they have violated the Equal

Pay Act in any way.  Defendants deny the remaining allegations in paragraph 1.

## PARTIES AND JURISDICTION

2.     Plaintiff Shar Fadavi is a woman and a resident of Wilmette, Illinois.

**ANSWER:**     Defendants admit the allegations in paragraph 2.

3.     Defendant Bruce Graham is the Dean of the College of Dentistry at the University of Illinois at Chicago, in which the Department of Pediatric Dentistry sits.  Graham is being sued in his official and personal capacities.

**ANSWER:**     Defendants admit the allegations in paragraph 3.

4.     Defendant Indru Punwani is the Department Head of the Department of Pediatric Dentistry at the University of Illinois at Chicago.  Dr. Punwani is being sued in his official and personal capacities.

**ANSWER:**     Defendants admit the allegations in paragraph 4.

5.     The Board of Trustees for the University of Illinois is comprised of the following individuals who are sued in their official capacities:

        a.   Frances G. Carroll of Chicago;

        b.   Kenneth D. Schmidt of Riverwoods;

        c.   David V. Dorris of Leroy;

        d.   Devon C. Bruce of Chicago;

        e.   Niranjan S. Shah of Oak Brook;

        f.   Robert Y. Sperling of Glencoe;

        g.   Lawrence C. Eppley of Palatine;

        h.   Marjorie E. Sodemann of Champaign; and

        i.   Robert F. Vickrey of LaSalle/Peru.

**ANSWER:**     Defendants admit that Frances G. Carroll of Chicago, Kenneth D. Schmidt of Riverwoods, David V. Dorris of LeRoy, Devon C. Bruce of Chicago, Niranjan S. Shah of Oak Brook, Robert Y. Sperling of Glencoe, Lawrence C. Eppley of Palatine, and Robert F. Vickrey of Peru are members of the Board of Trustees for the University of Illinois.  Defendants deny the remaining allegations in paragraph 5.

6.    The Provost for the University of Illinois is R. Michael Tanner, who is sued in his official and personal capacities.

**ANSWER:**    Defendants admit the allegations in paragraph 6.

7.    For much of the relevant time, the Chancellor of the University of Illinois at Chicago was Sylvia Manning. Currently, Eric A. Gislason is the Interim Chancellor for the University of Illinois. The Chancellors are sued in their individual and personal capacities.

**ANSWER:**    Defendants admit that Sylvia Manning was the Chancellor of the University of Illinois at Chicago from July 2000 to December 2007, that Eric A. Gislason has been the Interim Chancellor since January 1, 2008, and that both are being sued in their individual and personal capacities.  Defendants deny the remaining allegations in paragraph 7.

8.    Jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1343 because this matter involves a federal question under the Equal Pay Act (29 U.S.C. § 206, *et seq.*).

**ANSWER:**    Defendants admit the allegations in paragraph 8, but deny any inference that they violated the Equal Pay Act.

9.    Venue is appropriate in the Northern District of Illinois because the incidents complained of herein occurred in this District, and because both Plaintiff and Defendants have their businesses in this District.

**ANSWER:**    Defendants admit that venue is proper in the Northern District of Illinois and that both Plaintiff and Defendants have their businesses in this District.  Defendants deny the remaining allegations in paragraph 9.

## BACKGROUND

10.    Plaintiff Shar Fadavi has been affiliated with the University's Department of Pediatric Dentistry for the last twenty-six years.  Dr. Fadavi has been tenured by the University since 1991 and has been a full professor of Pediatric Dentistry since 1998.  For the last fourteen years, Dr. Fadavi has been responsible for much of the day-to-day operations of the University's Department of Pediatric Dentistry.  She has served at various times as the Department's Clinic Chief, Associate Director, and Program Director for the Department's post-doctoral/residency Pediatric Dentistry program.

**ANSWER:** Defendants admit that Plaintiff has been employed by the University's Department of Pediatric Dentistry since 1981, has been tenured by the University since 1991, and has been a full professor of Pediatric Dentistry since 1998. Defendants admit the allegations in the last sentence of paragraph 10. Defendants deny the remaining allegations in paragraph 10.

11.     Plaintiff has satisfactorily performed her job at the University and she has been consistently recognized and commended for her work both within and outside the University. For example, plaintiff consistently received high marks for her teaching from residents and others. She received the College of Dentistry's 1997 excellence in teaching award and was recognized by the University for this award. Further, she has written and presented numerous scientific papers for the American Academy of Pediatric Dentistry, the American Association of Dental Research, and the International Association of Dental Research. She has been recognized nationally and internationally for her contribution in research and clinical expertise in the field of Pediatric Dentistry. For much of the time since she became tenured, Dr. Fadavi was one of only two fully tenured female professors on the faculty in the Department and was among only a few female tenured faculty in the College of Dentistry as a whole.

**ANSWER:** Defendants admit that Plaintiff has presented and has collaborated in writing scientific papers for various dental associations. Defendants deny the remaining allegations in paragraph 11.

12.     Despite her expertise and strong performance, Dr. Fadavi has continually been paid less and treated less favorably than her male counterparts. For example, despite being a full professor of Pediatric Dentistry and performing many of the tasks of running the Department, for much of her tenure, Dr. Fadavi was paid less than male peers performing similar tasks. Indeed, for a large portion of the fourteen years in which Dr. Fadavi held the titled positions noted above, she received either no compensation or significantly less compensation than male peers. In addition, unlike her male counterparts, the University often failed to recognize Dr. Fadavi with a title that was commensurate with the duties and job responsibilities she was performing.

**ANSWER:** Defendants deny the allegations in paragraph 12.

13.     The compensation that Plaintiff has received is and has been less than that of her male peers. This disparity exists when compared to males within the Department of Pediatric Dentistry, or within the larger College of Dentistry, both considering her position as a fully tenured professor as well as her positions as Clinic Chief and Program Director for post graduate students and residents.

**ANSWER:** Defendants deny the allegations in paragraph 13.

14.    Plaintiff has repeatedly complained about the pay disparity, but the University has failed to rectify the situation.  Dr. Fadavi's pay remained and remains lower than other males in similar ranks, even when compared to some males who hold even lower positions.

**ANSWER:**    Defendants admit that Plaintiff has complained about a pay disparity.

Defendants deny the remaining allegations in paragraph 14.

15.    After complaining about the disparities and receiving no compensation for her work as Program Director and Clinic Chief, certain additional compensation was provided. However, even those amounts left Dr. Fadavi significantly behind her male peers.

**ANSWER:**    Defendants admit that after Plaintiff complained about a pay disparity,

Plaintiff received a stipend for her work as Program Director in 2002 and received a salary

increase in 2004.  Defendants deny the remaining allegations in paragraph 15.

16.    Dr. Fadavi continued to complain about the unequal pay and treatment orally and in writing to the Defendants.  Those efforts were rebuffed or ignored by the Defendants.  Instead, a host of subsequent actions culminated in a cut of Dr. Fadavi's already illegally low pay.

**ANSWER:**    Defendants admit that Plaintiff complained about a pay disparity orally

and in writing, but deny the remaining allegations in paragraph 16.

17.    For example, the additional compensation noted above (albeit minimal) that was provided pursuant to her prior complaints proved short-lived and was taken away as of August 2007.  This illegal act further exacerbated the disparity between Dr. Fadavi and her male peers. If that were not enough, Defendant Punwani (the Department Head) cut Dr. Fadavi's duties and responsibilities along with her pay.  Punwani then redistributed those duties and responsibilities to a host of males, whose collective pay increased by approximately $70,000 -- well in excess of the $30,000 cut from Dr. Fadavi's already undercompensated salary.

**ANSWER:**    Defendants admit that as of August 2007, Plaintiff no longer received a

stipend for her work as Program Director for post-graduate residents and that she was removed

from that position.  Defendants deny the remaining allegations in paragraph 17.

18.    Dr. Fadavi's complaints to the Defendants about these actions fell on deaf ears. Instead, Defendants Graham and Tanner authorized and/or otherwise ratified the conduct, as did, on information and belief, Chancellors Manning and Gislason.  The Board has ratified the actions taken by, *inter alia*, being deliberately indifferent to these illegal acts.

**ANSWER:**    Defendants deny the allegations in paragraph 18.

19.    Thereafter, the adverse actions and retaliatory conduct against Dr. Fadavi escalated. For instance, much of her teaching responsibilities with residents has been removed; she has been removed from an advisory committee; and she has been given lower performance ratings than warranted.

**ANSWER:**    Defendants deny the allegations in paragraph 19.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT

20.    Plaintiff repeats and realleges Paragraphs 1-19 for her paragraph 20 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to the allegations in paragraphs 1 through 19 as their answer to the allegations in paragraph 20.

21.    As alleged above, Defendants repeatedly paid Plaintiff less than the pay provided to male employees for equal or lesser work on jobs, the performance of which required equal (or lesser) skill, effort, and responsibility, and which were performed under similar working conditions, in violation of the Equal Pay Act.

**ANSWER:**    Defendants deny the allegations in paragraph 21.

## COUNT II
## WILFUL VIOLATION OF THE EQUAL PAY ACT

22.    Plaintiff repeats and realleges Paragraphs 1-21 for her paragraph 22 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to the allegations in paragraphs 1 through 21 as their answer to the allegations in paragraph 22.

23.    As alleged above, Defendants repeatedly paid Plaintiff less than they paid male employees for equal or lesser work on jobs, the performance of which required equal (or lesser) skill, effort, and responsibility, and which were performed under similar working conditions in violation of the Equal Pay Act.

**ANSWER:**    Defendants deny the allegations in paragraph 23.

24.    Defendants knew that their actions violated the Equal Pay Act and/or showed reckless disregard for whether their actions were prohibited under the Equal Pay Act.

**ANSWER:**    Defendants deny the allegations in paragraph 24.

## DEFENSES

1.      Plaintiff cannot establish a *prima facie* case of a violation under the Equal Pay Act.

2.      There are no male employees who were paid more than Plaintiff and performed work equal to Plaintiff.

3.      Any alleged pay disparity was justified by factors other than gender.

4.      The individual defendants are not "employers" as defined by the Equal Pay Act.

5.      Plaintiff's claims are barred by the appropriate statute of limitations.

**WHEREFORE**, Defendants respectfully request the Court to enter judgment in their favor and against Plaintiff on her claims; to award Defendants their attorney's fees and costs incurred in the defense of the litigation; and, to grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,


By:        s/ Eileen E. Baker
           One of the Attorneys for Defendants,
           THE BOARD OF TRUSTEES OF THE
           UNIVERSITY OF ILLINOIS, INDRU
           PUNWANI, BRUCE GRAHAM, R.
           MICHAEL TANNER, SYLVIA
           MANNING and ERIC GISLASON

Joseph E. Tilson
Timothy A. Wolfe
Eileen E. Baker
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
Tel.:  (312) 474-7900
Fax:  (312) 474-7898

M:\12547\pleading\answer01.doc

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2008, I electronically filed **Defendants' Answer to Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all appropriate counsel  and individuals.


s/      Eileen E. Baker


Meckler Bulger & Tilson LLP
123 North Wacker Drive, Ste. 1800
Chicago, Illinois  60606
(312) 474-7900 - Telephone
(312) 474-7898 – Facsimile