UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAHRBANOO FADAVI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 440 |
| ) | |
| BOARD OF TRUSTEES FOR THE ) | Judge Amy J. St. Eve |
| UNIVERSITY OF ILLINOIS, INDRU ) | |
| PUNWANI, BRUCE GRAHAM, R. ) | Magistrate Judge Mason |
| MICHAEL TANNER, SYLVIA ) | |
| MANNING, and ERIC GISLASON, ) | |
| ) | |
| ) | |
| Defendants. | |

**AGREED PROTECTIVE ORDER**

This matter coming to be heard upon the Stipulation of the parties for entry of an agreed protective order and the Court being fully advised,

WHEREAS, Plaintiff is a professor of pediatric dentistry at the University of Illinois at Chicago;

WHEREAS, Plaintiff alleges that Defendants violated the Equal Pay Act, 29 U.S.C. § 206;

WHEREAS, Plaintiff seeks discovery of records related to her performance and the performance of her colleagues, which may involve the disclosure of patient records and personnel records which the Defendants treat as confidential information;

WHEREAS, Defendants seeks financial records which may include those of Plaintiff's husband.

WHEREAS, the parties wish to facilitate discovery in this litigation while still preserving the confidential nature of medical records, Plaintiff's relevant financials and tax returns and non-public personnel information.

IT IS HEREBY ORDERED:

1. All dental and/or medical records or other non-public documents related to dental and/or medical care provided to Defendants' patients may be designated by Defendant (either upon production or disclosure or within ten days thereafter) as "Confidential."

2. Non-public personnel records of employees, including medical records, protected health information, laboratory or blood bank records, evaluative or disciplinary documents, and peer review documents, may be designated by Defendant (either upon production or disclosure or within ten days thereafter) as "Confidential."

3. All non-public records related to Dr. Michael Meer which were produced in *Michael Meer v. Bruce Graham, et. al.*, Case No. 07-CV-1058, pending in the United States District Court for the Northern District of Illinois, Eastern Division, and which are the subject of a protective order in that litigation may be designated by Defendants (either upon production or disclosure or within ten days thereafter) as "Confidential."

4. Non-public documents regarding Defendants' 2002 pay equity study may be designated by Defendants (either upon production or disclosure or within ten days thereafter) as "Confidential."

5. Plaintiff's financial records which include but are not limited to her tax return filed jointly with her Husband.

6. The documents referenced in paragraphs 1 through 5 of this Order hereinafter will be referred to as "Confidential Information."

7. All Confidential Information, as well as any matter contained therein, and extracts and summaries thereof, shall be used for no other purpose than prosecuting or defending the above-captioned action and shall be disclosed only to the persons identified in paragraph 8 below. However, Defendants may use documents related to Dr. Michael Meer in prosecuting and defending the case *Michael Meer v. Bruce Graham, et. al.*, Case No. 07-CV-1058, pending in the United States District Court for the Northern District of Illinois, Eastern Division.

8. All documents designated "Confidential" shall be maintained in confidence by the Parties' counsel and shall not be disclosed to any person except: (a) the Parties; (b) the Court and its officers; (c) counsel for the Parties; (d) employees of counsel; (e) experts, consultants, deposition witnesses, and/or other witnesses who have a need to review the material solely in connection with their potential and actual testimony in this case; and (f) the trier of fact.

9. With the exception of the Court and its officers, individuals or entities permitted access pursuant to paragraph 8 to Confidential Information are hereby ordered not to show or convey any documents so designated, parts thereof, copies thereof, any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said documents under the provisions of this Agreed Protective Order.

10. Experts, consultants, deposition witnesses, and/or other witnesses who pursuant to paragraph 8 have a need to review Confidential Information solely in connection with their potential and actual testimony in this case shall, prior to the receipt of such materials, sign a copy of Exhibit A, which is attached hereto, agreeing to abide by the terms of this Order and Agreement.

11. This Order does not affect the right of Defendants to use Confidential Information in the ordinary course of their business and as set forth in paragraph 7.

12. Nothing in this Order shall prohibit the parties from using Confidential Information in depositions conducted in this litigation provided that the deponent agrees to be bound by this Order and Agreement. In the event that a deponent declines a request by either party to execute a statement (Exhibit A) agreeing to be bound by the terms and provisions of this Order, no Confidential Information shall be disclosed to the deponent unless the parties agree or until the party conducting the deposition has had a reasonable opportunity to seek the Court either to compel the deponent to agree to this Protective Order or to provide some other form of relief.

13. In the event that any Confidential Information as defined in paragraphs 1 through 5 is included with any pleading, motion, deposition transcript, or other document filed with the Clerk of this Court or this Court, such Confidential Information shall be filed under seal and kept under seal by the Clerk of Court until further Order of this Court. Parties must seek leave of Court before filing any documents under seal. Within 60 days after disposition of this case, the parties shall file a motion to retrieve any documents filed under seal. If a party fails to file such a motion, any documents under seal will become part of the public record.

14. If a party challenges the designation of information or documents as Confidential Information as defined in Paragraphs 1-5, that party shall treat the information or documents as Confidential Information until the parties have reached an agreement concerning whether the document or information was properly designated as Confidential Information (which agreement shall be set forth in writing signed by counsel for both parties) or until the Court has ruled that the information or documents shall not be treated as Confidential Information. If a party indicates in writing that no agreement regarding the propriety of designation can be reached, the designating party must seek a ruling from the court within ten days of receipt of such letter. If no relief is sought within that period, the document will no longer be considered Confidential.

15. Within 30 days after the last date for filing of a Notice of Appeal, or if an appeal is filed, within 30 days after full disposition of the appeal, the Parties shall promptly return all Confidential Information and all copies, excerpts and summaries thereof, except that briefs and other pleadings prepared for use in this litigation shall be kept confidential in counsels' files after the disposition of the case.

16. This Protective Order shall govern the production and disclosure of all Confidential Information through the discovery period and all pretrial processes. This Protective Order is not intended to govern production or disclosure of Confidential Information at trial or on appeal.

17. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated, or otherwise modified by Order of this Court.

August 15, 2008

ENTERED:

_____
Honorable Amy J. St. Eve

FOR PLAINTIFF                                FOR DEFENDANTS


_____         _____
Attorneys for Plaintiff                      Attorneys for Defendants
Michael Rachlis                              Joseph E. Tilson
Darnella Ward                                Timothy A. Wolfe
Rachlis Durham Duff & Adler, LLC             Eileen E. Baker
542 South Dearborn Street, Suite 900         Meckler Bulger & Tilson, LLP
Chicago, Illinois 60605                      123 North Wacker Drive, Suite 1800
                                             Chicago, Illinois 60606

**STATEMENT OF CONFIDENTIALITY**

The undersigned states that he or she has read the Protective Order entered in the case of <u>Shahrbanoo Fadavi v. the Board of Trustees for the University of Illinois</u>, Case Number 08 C 440 in the Northern District of Illinois, Eastern Division, and agrees in return for the right to have access to the confidential materials in that case to comply with the terms of the Protective Order, and submits to the personal jurisdiction of the Federal District Court for the Northern District of Illinois, Eastern Division, for the purpose of enforcement of this Protective Order.

This ___ day of _____, 2008.

Signature:

_____

Name Printed:

_____